UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZAIMING LIN,<br><br>        Plaintiff,<br>   v.<br><br>EMILIO T. GONZALEZ, Director of USCIS, et al.,<br><br>        Defendants. | 1:07-cv-00239-AWI-SMS<br><br>ORDER DETERMINING THAT PLAINTIFF STATES A CLAIM SUFFICIENT FOR SERVICE (DOC. 1)<br><br>ORDER DIRECTING THE CLERK TO SEND SPECIFIED SERVICE DOCUMENTS TO PLAINTIFF WITH THIS ORDER<br><br>ORDER DIRECTING PLAINTIFF TO SUBMIT SERVICE DOCUMENTS TO THE COURT<br><br>ORDER DIRECTING THE CLERK TO FORWARD ANY SERVICE DOCUMENTS SUBMITTED TO THE MARSHAL FOR SERVICE OF PROCESS<br><br>ORDER DIRECTING THE MARSHAL TO SERVE DEFENDANT UPON MARSHAL'S RECEIPT OF DOCUMENTS |

    Plaintiff is proceeding pro se and in forma pauperis with a civil action in this Court. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302(c) and 72-303.

1

1  Pending before the Court is Plaintiff's complaint, filed on
2 February 14, 2007.
3    I. <u>Screening the Complaint</u>
4   In cases wherein the plaintiff is proceeding in forma
5 pauperis, the Court is required to screen cases and shall dismiss
6 the case at any time if the Court determines that the allegation
7 of poverty is untrue, or the action or appeal is frivolous or
8 malicious, fails to state a claim on which relief may be granted,
9 or seeks monetary relief against a defendant who is immune from
10 such relief. 28 U.S.C. 1915(e)(2).
11   Fed. R. Civ. P. 8(a) provides:
12   A pleading which sets forth a claim for relief,
     whether an original claim, counterclaim, cross-
13   claim, or third-party claim, shall contain
     (1) a short and plain statement of the grounds
14   upon which the court's jurisdiction depends,
     unless the court already has jurisdiction and
15   the claim needs no new grounds of jurisdiction
     to support it, (2) a short and plain statement
16   of the claim showing that the pleader is entitled
     to relief, and (3) a demand for judgment for
17   the relief the pleader seeks. Relief in the
     alternative or of several different types
18   may be demanded.
19 A complaint must contain a short and plain statement as required
20 by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a
21 flexible pleading policy, a complaint must give fair notice and
22 state the elements of the claim plainly and succinctly. <u>Jones v.</u>
23 <u>Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).
24 Plaintiff must allege with at least some degree of particularity
25 overt acts which the defendants engaged in that support
26 Plaintiff's claim. <u>Id.</u>  Although a complaint need not outline all
27 elements of a claim, it must be possible to infer from the
28 allegations that all elements exist and that there is entitlement

2

1  to relief under some viable legal theory. <u>Walker v. South Cent.
2  Bell Telephone Co.</u>, 904 F.2d 275, 277 (5th Cir. 1990); <u>Lewis v.
3  ACB Business Service, Inc.</u>, 135 F.3d 389, 405-06 (6th Cir. 1998).
4      In reviewing a complaint under this standard, the Court must
5  accept as true the allegations of the complaint in question,
6  <u>Hospital Bldg. Co. v. Trustees of Rex Hospital</u>, 425 U.S. 738, 740
7  (1976), construe the pro se pleadings liberally in the light most
8  favorable to the Plaintiff, <u>Resnick v. Hayes</u>, 213 F.3d 443, 447
9  (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor,
10 <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).
11     If the Court determines that the complaint fails to state a
12 claim, leave to amend should be granted to the extent that the
13 deficiencies of the complaint can be cured by amendment. <u>Lopez v.
14 Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). A complaint,
15 or a portion thereof, should only be dismissed for failure to
16 state a claim upon which relief may be granted if it appears
17 beyond doubt that the Plaintiff can prove no set of facts,
18 consistent with the allegations, in support of the claim or
19 claims that would entitle him to relief. <u>See</u> <u>Hishon v. King &
20 Spalding</u>, 467 U.S. 69, 73 (1984), citing <u>Conley v. Gibson</u>, 355
21 U.S. 41, 45-46 (1957); see also <u>Palmer v. Roosevelt Lake Log
22 Owners' Ass'n., Inc.</u>, 651 F.2d 1289, 1294 (9th Cir. 1981).
23 Dismissal of a pro se complaint for failure to state a claim is
24 proper only where it is obvious that the Plaintiff cannot prevail
25 on the facts that he has alleged and that an opportunity to amend
26 would be futile. <u>Lopez v. Smith</u>, 203 F.3d at 1128.
27     A claim is frivolous if it lacks an arguable basis either in
28 law or fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 324 (1989). A

3

1  frivolous claim is based on an inarguable legal conclusion or a
2  fanciful factual allegation. Id. A federal court may dismiss a
3  claim as frivolous if it is based on an indisputably meritless
4  legal theory or if the factual contentions are clearly baseless.
5  Id.

6  The test for malice is a subjective one that requires the
7  Court to determine whether the applicant is proceeding in good
8  faith. Kinney v. Plymouth Rock Squab. Co., 236 U.S. 43, 46
9  (1915); see Wright v. Newsome, 795 F.2d 964, 968 n. 1 (11th Cir.
10 1986). A lack of good faith is most commonly found in repetitive
11 suits filed by plaintiffs who have used the advantage of cost-
12 free filing to file a multiplicity of suits. A complaint may be
13 inferred to be malicious if it suggests an intent to vex the
14 defendants or abuse the judicial process by relitigating claims
15 decided in prior cases, Crisafi v. Holland, 655 F.2d 1305, 1309
16 (D.C.Cir. 1981); if it threatens violence or contains
17 disrespectful references to the Court, id.; or if it contains
18 untrue material allegations of fact or false statements made with
19 knowledge and an intent to deceive the Court, Horsey v. Asher,
20 741 F.2d 209, 212 (8th Cir. 1984).

21 Here, Plaintiff alleges in the two-page complaint that she
22 submitted an immigration application (understood from the context
23 to constitute an application for naturalization) in December 2003
24 at Fresno INS; she interviewed with an officer on May 18, 2004.
25 She believed that she complied with the fingerprinting process
26 and has been awaiting approval of her green card since June 5,
27 2004, when she repeated her fingerprinting. She inquired at the
28 Fresno INS office in July 2004 and received a letter in August

4

2004 stating that approval was pending FBI security check; she has not heard anything from INS except a renewal of fingerprinting in August 2006. She went to the Fresno INS office in March 2005, August 2005, October 2005, December 2005, and numerous times in 2006. Her attempts to reach national customer service were not answered; a representative at the Fresno office told Plaintiff that there is no deadline and nothing they can do pending the FBI security check. She seeks to ascertan that she has not been discriminated against[1] and issuance of a green card.

It appears that Plaintiff is alleging that she has exhausted her recourse within the agency.

Plaintiff's claim is pursuant to 8 U.S.C. § 1447(b), which states:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

Section 1446 provides for the examination of the application and a determination of the application thereafter.

Plaintiff also proceeds pursuant to 8 U.S.C. § 1421(c), which provides generally for judicial review of a denial of an application for naturalization in the District Court.

Plaintiff seeks relief from the court pursuant to § 1446. However, if Plaintiff's concern is adjustment of status and not

---

[1] Although Plaintiff states that she felt that she had been "discriminated," she appears to be referring to the faster processing of her husband's application. She states no ground or basis for discrimination. The clear gist of her complaint is the length of time it has taken Defendants to process her application and to give her a green card.

5

1  naturalization, it is established that an applicant for permanent
2  resident status may seek relief with respect to that process as
3  well pursuant to 28 U.S.C. § 1361 (mandamus) if administrative
4  remedies have been exhausted and a clear, nondiscretionary duty
5  is owed. <u>Osunsanya v. United States Citizenship and Immigration
6  Services</u>, 2007 WL 484864 (No. 06-10625 RWZ, D. MA 2007) (two-year
7  wait on FBI background check in the course of application for
8  permanent resident status); <u>Przhebelskaya v. United States Bureau
9  of Citizenship and Immigration Services</u>, 338 F.Supp.2d 399
10 (E.D.N.Y. 2004. Further, in some circumstances, it is permissible
11 to seek relief in the form of requiring distribution of green
12 cards. <u>See</u>, <u>Etuk v. Slattery</u>, 936 F.2d 1433 (2d Cir. 1991)
13 (action by lawful permanent residents to require INS to issue
14 cards and documentation); <u>Santillan v. Gonzales</u>, 2005 WL 1592872
15 (No. C 04-2686 MHP, N.D.Ca. July 1, 2005) (class action by
16 persons who had been or would have been granted lawful permanent
17 resident status by the Justice Department's Executive Office of
18 Immigration Review to compel issuance of documentation). It
19 appears because of Plaintiff's citation of law concerning
20 naturalization applications that Plaintiff is complaining of
21 delay in failure to process an application for naturalization,
22 including the issuance of the certificate of alien registration
23 or alien receipt card that "shall be issued" to every alien in
24 the United States who has been registered and fingerprinted, in
25 such form and manner and at such time as shall be prescribed
26 under regulations issued by the Attorney General. <u>See</u>, 8 U.S.C. §
27 1304(e).
28 //

The court notes that the Immigration and Naturalization Service (INS), formerly an agency within the Department of Justice, was formally dissolved as of March 1, 2003, and its functions and authority were allocated primarily to the newly established Department of Homeland Security (DHS); within the DHS, the former INS functions relating to such immigration benefits and services, including processing of applications for adjustment of status and naturalization, were allocated to the Bureau of Citizenship and Immigration Services (CIS). 7 Gordon, Mailman, and Yale-Loehr, <u>Immigration Law and Procedure</u>, §96.06 n. 1 (Matthew Bender 2006).

Plaintiff has named the director of homeland security, the director of the CIS, the director of the FBI, the attorney general, and the office of the general counsel of the department of homeland security. It does not appear that the director of the FBI has responsibility for any application of Plaintiff presently pending before the immigration authorities, but Plaintiff apparently seeks relief with respect to fingerprinting that is allegedly being performed by the FBI.

II. <u>Service of the Complaint</u>

A review of the complaint reveals that if the pro se Plaintiff's allegations are liberally construed in the light most favorable to the Plaintiff, <u>Jackson v. Carey</u>, 353 F.3d 750, 756 (9th Cir. 2003), Plaintiff has alleged facts that might support a claim entitling her to relief against Defendants Emilio T. Gonzalez, Director of U.S. CIS (USCIS); Robert S. Mueller, III, Director of the FBI; Michael Chertoff, Secretary of the Department of Homeland Security; and Alberto R. Gonzales, United

1 States Attorney General. It does not appear that Plaintiff has
2 stated a claim against the Office of the General Counsel of the
3 Department of Homeland Security separate and apart from the claim
4 against the secretary.
5     Accordingly, the entire action does not fail to state a
6 claim for relief, and the Court will proceed to order the
7 complaint served on behalf of Plaintiff.
8         A. <u>Directions to the Marshal</u>
9     Accordingly, when appropriate service documents are
10 submitted to the Court and forwarded to the Marshal, the United
11 States Marshal SHALL SERVE the complaint.
12         B. <u>Directions to the Clerk and to Plaintiff</u>
13     Service IS appropriate for the following defendants: Emilio
14 T. Gonzalez, Director of U.S. CIS (USCIS); Robert S. Mueller,
15 III, Director of the FBI; Michael Chertoff, Secretary of the
16 Department of Homeland Security; and Alberto R. Gonzales, United
17 States Attorney General.
18     Accordingly,
19     1) The Clerk of the Court shall send Plaintiff four USM-285
20 form, four summons, an instruction sheet, a notice of submission
21 of documents form, and one copy of the complaint filed in this
22 Court on February 14, 2007;
23     2) Within thirty days from the date of service of this
24 order, Plaintiff shall complete the attached Notice of Submission
25 of Documents and submit the completed Notice to the Court with
26 the following documents:
27 //
28 /

8

                a. Completed summons;

                b.  One completed USM-285 form for each defendant
                listed above; and

                c. Five copies of the endorsed complaint filed in
                this Court.

    Plaintiff need not attempt service on defendants and need not request waiver of service.

    Upon receipt of the documents described above, the Clerk of the Court SHALL FORWARD them to the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

    **Plaintiff's failure to comply with this order will result in a recommendation to dismiss this action for failure to obey this Court's order.  Local Rule 11-110.**

IT IS SO ORDERED.

**Dated:   March 20, 2007**                                                    **/s/ Sandra M. Icido3Snyder**
                            UNITED STATES MAGISTRATE JUDGE

9